UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff | ) ) ) |
| v. | ) ) Civil Action No. 05-cv-10730-MLW |
| INOCENCIA KELLY and DIGNA MORALES-KELLY, | ) ) ) ) |
| Defendants | ) |

**LOCAL RULE 16.2 JOINT STATEMENT OF PLAINTIFF UNUM LIFE INSURANCE COMPANY OF AMERICA AND DEFENDANT INOCENCIA KELLY**

Plaintiff Unum Life Insurance Company of America ("Unum") and Defendant Inocencia Kelly, by and through undersigned counsel, file this Joint Statement pursuant to Local Rule 16.1.[1]

**BACKGROUND**

This is an Interpleader action in which the Court has jurisdiction pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331. The case arises from a dispute between the Defendants regarding the entitlement to life benefits in the approximate amount of $12,000.

---

[1] A draft of this Joint Statement was circulated to Defendant Morales-Kelly by the undersigned counsel for Plaintiff, via overnight mail on January 6, 2006, with a cover letter explaining the requirement to file a statement and enclosing another copy of the Notice of Scheduling Conference. Defendant Morales-Kelly did not respond to this communication.

{W0435456.2}

1.   **Factual Background**

Inocencio Kelly ("Mr. Kelly"), now deceased, was insured pursuant to life insurance policy number 578279 001 (the "Policy"), issued by Unum to the employee welfare life insurance benefit plan (the "Plan") of Mr. Kelly's employer, Children's Medical Center d/b/a Children's Hospital of Boston.   Pursuant to the terms of the Plan, $12,000.00 is the amount of benefits payable to Mr. Kelly's beneficiary or beneficiaries.

Mr. Kelly first became covered by the Plan in 1996.  An insurer other than Unum funded the Plan and administered claims at this time.  On October 28, 1997, Mr. Kelly completed a beneficiary designation form, naming his daughter, Defendant Inocencia Kelly, as the beneficiary. Another beneficiary designation, dated November 3 or 13, 2002, names Defendant Digna Morales, Mr. Kelly's wife, as the beneficiary.  Mr. Kelly did not sign the November, 2002, designation form; rather, Defendant Morales signed it and claims that was because her husband mistakingly believed that she needed to do so.  Defendant Morales states that this is because Mr. Kelly did not understand English very well.  No other beneficiary designation forms exist.

On July 1, 2003, Unum's coverage took effect.  On or about September 11, 2004, Mr. Kelly died in Boston, Massachusetts.  Each Defendant claims entitlement to benefits under the Plan.  Plaintiff is now, and at all times since the death of the deceased insured has been, ready, willing and able to pay the person legally entitled to the aforesaid benefits and will abide by the order of the Court with respect to the aforesaid benefits under the Plan.

2.   **Procedural Background**

On April 12, 2004, Unum filed its Interpleader with Incorporated Motion for Interpleader Fee.

On July 14, 2004, Inocencia Kelly responded to the Answer through counsel.

On April 18, 2005, a Notice of Lawsuit and Request for Waiver of Service of Summons was sent to Digna Morales-Kelly, who then signed it in May 2005  On June 6, 2005, Defendant Morales-Kelly wrote to Plaintiff's counsel stating she does not "have the resources to hire an attorney."  On August 26, 2005, Plaintiff's counsel wrote to Defendant Morales-Kelly stating that Defendant needed to make an appearance or risk an adverse result.  On that same date, Plaintiff's counsel wrote to the Clerk of the Court forwarding the letter of June 6, 2005 from Defendant Morales-Kelly and informing the Court that the parties were trying to determine whether Ms. Morales-Kelly intended to participate in the action.  Defendant Morales-Kelly has taken no further action in this matter and, therefore, has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure. On November 17, 2005, Plaintiff filed a Request for Entry of Default and served this upon all named Defendants.  Neither Defendant has responded.

**Proposed Pretrial Discovery Plan and Schedule for Motions**

The following proposal assumes that a Default Judgment is not entered by the Court against Defendant Morales-Kelly.

a. Plaintiff has provided both parties with a complete copy of the Proposed Record for Judicial Review.

b. Motions to join additional parties and to amend the pleadings must be filed by **February 15, 2006.**

c. If the Defendants claim that any of the proposed record for judicial review is incomplete or inaccurate in any way, they shall notify Plaintiff's counsel in writing of the same by **February 15, 2006**.  If the Defendants do not provide such notice by that date, then

    Plaintiff shall file with the Court each of the documents served on Defendants entitled as "Agreed to Record for Judicial Review." If Defendants provide such notice, then the parties must then confer in an attempt to ascertain an Agreed To Record for Judicial Review by **March 1, 2006**. If the parties come to an agreement, they are to immediately file an "Agreed To Record For Judicial Review." To the extent the parties disagree concerning the proper contents of the record for judicial review, Defendants may file respectively a motion concerning any additional material they seek to have added to the record for judicial review by **March 15, 2006**. Parties opposing any such motion shall have thirty (30) days from service of a request to file an opposition thereto.

d. If any party proposes that it is entitled to any discovery, to constitute or supplement the Record For Judicial Review, it must file with the Court a motion showing good cause for the party's entitlement to such discovery. Any motions seeking leave to conduct discovery must be filed by **March 31, 2006,** with a copy of the proposed discovery request attached thereto. Parties opposing any such motion shall have thirty (30) days from service of a request to file an opposition thereto.

e. Any party filing a Motion for Judgment on Stipulated Record shall do so two months after the Court rules on any outstanding motions regarding the scope of the administrative record or discovery.

f. Any party filing an Opposition to a Motion for Judgment on Stipulated Record shall do so thirty (30) days following receipt of the Motion for Summary Judgment.

g. The case will be ready for final disposition by no later than **June 30, 2006**.

## Trial by Magistrate

The parties does not wish to seek trial before a Magistrate Judge.

**Certification Pursuant to L.R. D.Mass. 16.1**

The parties' certifications will be filed under separate cover.

DATED: January 12, 2006

        /s/ Geraldine G. Sanchez
        John J. Aromando, BBO #545648
        Geraldine G. Sanchez
        Pierce Atwood LLP
        One Monument Square
        Portland, ME 04101
        (207) 791-1100
        Attorneys for Plaintiff Unum Life
        Insurance Company of America


        /s/ John Benzan
        John Benzan, BBO #555874
        70 Warren Street, Suite 8
        Roxbury, MA 02119
        (617) 442-8400
        Attorney for Defendant Inocencia Kelly

## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

I hereby certify that on the 12th day of January, 2006, I electronically filed the foregoing Local Rule 16.2 Joint Statement with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: John Benzan, Esq.

I further certify that I forwarded a copy of the Joint Statement, via First Class Mail, postage prepaid, to Defendant Digna Morales-Kelly at 35 Logan Way, Apt. 736, South Boston, MA 02127

/s/ Geraldine G. Sanchez
Geraldine G. Sanchez
PIERCE ATWOOD LLP
One Monument Square
Portland, ME 04101
(207) 791-1100
gsanchez@pierceatwood.com